UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JOHN BRECHEISEN,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

Hon. Janet T. Neff

Case No. 1:20-cv-750

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act. (ECF No. 21). On January 5, 2022, the Court remanded this matter to the Commissioner for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff's counsel now seeks $6,633.90 in attorney's fees. Defendant does not object to counsel's request. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be granted in part and denied in part.

Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs. See 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's

position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

Counsel requests to be compensated at an hourly rate of $204.75. As at least one court in this District has noted, the amount requested by counsel is significantly higher than that paid to attorneys performing comparable work representing individuals in litigation against the federal government. *See, e.g., Weaver v. Commissioner of Social Security*, 2021 WL 1269547 at *1 (W.D. Mich., Mar. 19, 2021). While sympathetic to this position, the undersigned nevertheless finds reasonable the requested EAJA rate. *See Belanger v. Commissioner of Social Security*, Case No. 2:20-cv-009, Opinion and Order, ECF No. 28 (W.D. Mich.) (finding that inflation and cost-of-living increases supported increasing the hourly EAJA rate from $175 to $204.75).

Nevertheless, the number of hours for which counsel seeks to be compensated is simply not reasonable. *See, e.g.,* 28 U.S.C. § 2412(d)(2)(A) (a request for EAJA fees must be "reasonable"); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (the plaintiff has the burden to demonstrate that his EAJA fee request is reasonable). Counsel seeks to be compensated for a total of 32.40 hours of work, of which twenty hours represents the amount of time expended to review the record and draft an initial brief. Counsel claims four hours to draft his reply brief.

The administrative record in this matter was not especially lengthy and the issues raised by Plaintiff in his appeal were neither novel nor complex as evidenced by the fact that counsel's initial brief contained less than six pages of analysis. Skilled

and experienced counsel does not reasonably require twenty hours to produce the brief submitted in this matter. Likewise, it cannot reasonably have required counsel four hours to draft a five-page reply brief which merely re-asserted arguments previously made. The undersigned finds that counsel can instead reasonably claim fifteen hours for his initial brief and 1.5 hours for his reply brief.

The undersigned, therefore, finds that counsel can reasonably seek compensation for 24.9 hours in this matter. Accordingly, the undersigned recommends that EAJA fees be awarded in the amount of five thousand, four hundred five dollars and forty cents ($5,405.40). But, in light of the Supreme Court's decision in *Astrue v. Ratliff*, 560 U.S. 586 (2010), this order awarding EAJA fees must be entered in Plaintiff's favor. *Id.* at 591-93; see also, 28 U.S.C. § 2412(d)(1)(A) (the EAJA awards fees "to a prevailing party"); *Kerr v. Commissioner of Social Security*, 874 F.3d 926, 934-35 (6th Cir. 2017) (reaffirming that *Astrue* requires EAJA fees to be paid to the claimant).

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (ECF No. 21) be granted in part and denied in part. Specifically, the undersigned recommends that Plaintiff be awarded five thousand ninety-eight dollars and 28 cents ($5,098.28) pursuant to the EAJA and that such be paid directly to Plaintiff.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                      Respectfully submitted,

Date: March 7, 2022                              /s/ Phillip J. Green
                                                        PHILLIP J. GREEN
                                                        United States Magistrate Judge